THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSH KLEIN, a California Resident; and COVALENCE CAPITAL FUND I, LP, a Delaware limited partnership,<br><br>    Plaintiffs,<br><br> vs.<br><br>DOUGLAS JAE WOO KIM, a New York resident,<br><br>    Defendant. | Case No.  2:20-cv-01628-BJR<br><br>DECLARATION OF JON-ERIK MAGNUS IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

I, Jon-Erik Magnus, declare as follows:

1. I am an attorney with Rogers Joseph O'Donnell and I represent Douglas Jae Woo Kim in the above-captioned matter.  I am competent to testify and have personal knowledge of the matters described herein.

2. Plaintiffs initiated this action in November 2020.  Mr. Kim filed an answer on January 8, 2021, and his operative Amended Answer on January 29, 2021.  Beginning in mid-February 2019 Mr. Kim served a number of discovery requests to both Plaintiffs and to third

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**529644.1**

1  parties.   Those discovery requests are outlined below in detail.   The vast majority of these

2  discovery requests are outstanding—*i.e.*, Mr. Kim has not received full responses (and, in many

3  cases, Mr. Kim has not received <u>any</u> responses).

4  3.      Despite the outstanding requests, Plaintiffs brought a summary judgment motion

5  on April 19, 2021.  I make this declaration pursuant to Fed. R. Civ. P 56(d) to explain why Mr.

6  Kim cannot present facts essential to justify his opposition to that motion, in light of the early stage

7  of this litigation and his numerous outstanding discovery requests that seek information highly

8  relevant to the pending summary judgment motion.

9  **Discovery to Plaintiffs**

10  4.      On February 19, 2021, Mr. Kim served document requests and interrogatories on

11  Plaintiffs Josh Klein and Covalence Capital Fund I, LP ("Covalence").  A true and correct copy of

12  the discovery served on Plaintiffs is attached hereto as **Exhibit A**.  On March 22, 2021, Mr. Klein

13  and Covalence objected to and, with many exceptions, responded to those requests.  A true and

14  correct copy of Plaintiffs' responses are attached hereto as **Exhibit B**.  On April 16, 2021, I sent

15  Plaintiffs' counsel a letter outlining numerous deficiencies in Plaintiffs' discovery responses.  The

16  meet and confer letter requested that Plaintiffs simply identify which responses it would agree to

17  amend based on the issues identified and to propose a timeline for serving amended responses.  A

18  true and correct copy of the April 16, 2021, letter is attached hereto as **Exhibit C**.  On April 26,

19  2021, Plaintiffs' counsel responded to that letter, largely objecting to Mr. Kim's request for

20  amended responses but representing that Plaintiffs would amend certain responses and provide

21  additional documents.   However, Plaintiffs' offer was conditioned on serving the amended

22  responses in a manner that departs from the form required by the Rules of Civil Procedure.  A true

23  and correct copy of Plaintiffs' April 26, 2021, is attached hereto as **Exhibit D**.  On May 3, 2021,

24  I responded to Plaintiffs' counsel via e-mail reiterating Mr. Kim's desire to receive amended

25

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

1  discovery responses in the form required by the discovery rules and pointing out Plaintiffs'

2  ongoing failure to provide straightforward responses to discovery that was core to Plaintiffs'

3  claims.  Further, the correspondence pointed out that it was unclear where Plaintiffs were in fact

4  offering to provide amended responses versus offering inadmissible evidence.  A true and correct

5  copy my May 3, 2021, correspondence is attached as **Exhibit E**.  On May 4, 2021, Plaintiffs'

6  counsel responded, confirming that Plaintiffs would provide amended responses.  However,

7  Plaintiffs were not clear as to which responses would be amended.  Further, despite Mr. Kim's

8  demand for amended responses before Mr. Klein's deposition and this Opposition, Plaintiffs

9  represented that they would be unable to provide responses until May 11 or May 12.  A true and

10  correct copy of Plaintiffs' May 4, 2021, e-mail attached hereto as **Exhibit F**.  At this point,

11  Plaintiffs have not meaningfully responded to the majority of the written discovery propounded

12  by Mr. Kim.  Plaintiffs have either not provided straightforward responses in violation of the Rules

13  of Civil Procedure or not responded at all.

14      5.      On April 8, 2021, Mr. Kim served a notice for Mr. Klein's deposition, setting that

15  deposition for May 6, 2021.  A true and correct copy of Mr. Klein's deposition notice is attached

16  hereto as **Exhibit G**.  Mr. Klein's deposition went forward on May 6, 2021, but remains open due

17  to the fact the dispute regarding Plaintiffs' discovery responses remains unresolved and Plaintiffs

18  have promised amended responses.  A true and correct copy of excerpts from a "rough transcript"

19  from Mr. Klein's deposition is attached as **Exhibit H**.

20      6.      Mr. Kim has noticed the deposition of Nabil Manji.  A true and correct copy of

21  Mr. Manji's deposition notice is attached as **Exhibit R**. Mr. Manji was not disclosed in Plaintiffs'

22  Rule 26 Disclosures yet his declaration forms part of Plaintiff's moving papers.  A true and correct

23  copy of Plaintiffs' Rule 26 Disclosures are attached hereto as **Exhibit I**.  While Mr. Nabil's

24  existence was known to Mr. Kim, his significance was only recently revealed at Mr. Klein's

25

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

May 6, 2021, deposition, wherein Mr. Klein testified that Mr. Manji was the sole decision maker at Covalence with respect to loans made to Mr. Kim based on the conflict created by Mr. Klein's prior loans with Mr. Kim.  Exhibit H, pp. 38, 101:20-25,102:9-17.  Counsel for Mr. Klein was very clear that Mr. Klein was not appearing as a Rule 30(b)(6) witness.  Exhibit H, p.18:19-22. It is reasonably anticipated that Mr. Manji, and only Mr. Manji, will be able provide testimony regarding several issues.  First, it is relevant to Covalence's breach of contract claim and associated calculation of damages (how payments were applied against interest and principal, penalties, and any waiver of late fees afforded Mr. Kim), which is particularly relevant in light of Mr. Klein's testimony regarding Covalence's rollover of the January 2019 loan into the "Revolver" and the treatment of ongoing interest and late fee calculations from the January 2019 loan (see Exhibit H, pp. 126:21-127:16; 128:3-6; 130:16-22).   Second, it is relevant to Covalence's fraud claim and what factors Mr. Manji (Covalence) relied on in making loans to Mr. Kim.  Based on Mr. Klein's testimony, it is anticipated that Mr. Manji will testify that the early loans by Mr. Kline and the tremendous profit Mr. Klein had made off of Mr. Kim were a significant factor in Mr. Manji entering into loans with Mr. Kim.  H, pp. 70:24-71:5; 84:1 -14; 93:9-23; 100:14-21; 133:19-134:2; 148:16-22.  This testimony is necessary to weigh issues of materiality and justifiable reliance by Covalence, with respect to alleged misrepresentations by Mr. Kim, which Covalence must establish to support its fraud claim.  Third, it is relevant to any representations by Mr. Kim to Mr. Manji (the sole decision maker at Covalence) regarding the purposes of funds loaned, which goes directly to Mr. Kim's usury defense.

7.    It is critical for Mr. Kim to obtain the outstanding discovery from Plaintiffs before responding to Plaintiffs' summary judgment motion.  For example, the outstanding discovery requests will result in highly relevant information related to the following issues, which are central to the pending summary judgment motion:

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

- <u>Breach of Contract Claim</u>.

a)   Mr. Kim has sought and Plaintiffs have failed to meaninglyfully respond to discovery regarding the specific representations allegedly made by Mr. Kim regarding the purpose of each loan and what funds would be used for, that they would be used for "business purposes" or another purposes outside of the protection of Washington's usury laws.  *See, e.g.,* Exhibit A, pp. 4-5, 11 (Interrogatories 5 and 7 to Covalence; Requests for Production 4 to Covalence); Exhibit C, pp. 11-12.   This testimony goes directly to Mr. Kim usury defense on Plaintiffs' breach of contract claim.   To the extent that Plaintiffs claim that they have responded, the Plaintiffs have not responded on a loan-by-loan basis.   Plaintiffs must confirm, for each loan, what purpose was communicated to them by Mr. Kim, if any, regarding the purpose of the loan. Mr. Kim is entitled to receive this information and further, examine Plaintiffs under oath regarding their contentions.

b)   Plaintiffs have failed to respond to discovery regarding both loan modifications and application of payments and calculations of interest and late fees.   Plaintiffs' production is littered with snippets that confirm that there were modification to the loan agreements and re-payment terms.     Attached as **Exhibit J**, a composite exhibit, are communications between Mr. Kim and Plaintiffs regarding loan modifications (COVAL_000617; COVAL_0000643; KLEIN_000159; KLEIN_0000301; KLEIN_0000341).   Mr. Kim has sought discovery, and is entitled to straightforward responses, regarding both the loans at issue and Plaintiffs' methodology to compute damages.   *See, e.g.*, Exhibit A, pp. 3-4 (Interrogatories 1 and 2 to Covalence, Requests for Production 2 and 3).   A straightforward response by Plaintiffs is still outstanding.   *See, e.g.* Exhibit C, pp. 5-8.   This discovery goes to the core of Plaintiffs' claimed damages and must be produced.   There is no reason to believe that Plaintiffs do not have this information available, as suggested by their Motion (Motion, § E), and can provide it in a clear

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

and straightforward manner.  To be clear, Covalence has produced some documents detailing the amounts owed but the modifications noted above are not reflected in the documents attached to the Motion or documents produced by Plaintiffs.  Mr. Kim is entitled to receive this information and further, examine Plaintiffs under oath regarding their methodologies for calculations and application of credits as detailed in Exhibit J.

c)   Discovery is further needed from Covalence regarding its knowledge of Mr. Kim's financial condition and terms for loans.  Mr. Klein testified to placing loans with Mr. Kim at tremendous profit (5% interest for 4 days on 10 bitcoin), a "crazy interest rate" in Mr. Klein's' words, and similar loans offered to Mr. Kim when he struggled to meet repayment obligations. Exhibit H pp. 80:8-25; 82:19-83:9; 148:16-149:14.  Mr. Klein's testimony is suggestive of oppressive and opportunistic lending that constitutes economic duress or business compulsion that would void the loans as unconscionable.

d)   Mr. Klein's testimony confirmed that the loans entered into by Mr. Kim and Plaintiffs did not contain any outward manifestation of the loans' purpose or intended use.  Exhibit H, pp. 73:2-4; 73:13-15;  83:22-84:1; 110:21-111:4; 112:17-22.  Further, discovery is should be allowed with respect to the later loans – which are in dispute in this matter – and what in-fact representations were made to Plaintiffs, as opposed to the earlier loans that were repaid.

- Fraud Claim.

e)   Mr. Kim has sought and Plaintiffs have failed to respond to discovery regarding the specific misrepresentations allegedly made by Mr. Kim and which Plaintiffs relied on, in connection with each loan Plaintiffs allege were fraudulently induced. *See, e.g.,* Exhibit A, pp. 4 (Interrogatory No. 3 to Covalence); Exhibit C, pp. 8-10.  If Plaintiffs would only provide straightforward answers to this discovery, served well in advance of the motion, it is anticipated that evidence would reveal that the majority of supposed assertions by Mr. Kim flow to earlier

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

loans that Mr. Kim repaid.  Further this discovery is central to Mr. Kim's ability to defend against assertions that any of the alleged misrepresentations were not material or were not reasonably relied by Plaintiffs to support the claim of fraud.  There is no reason to believe that Plaintiffs cannot identify, for each loan, the specific misrepresentation that they allege was made by Mr. Kim, if any, and upon which they materially relied in connection with each loan that they claim was fraudulently induced.  Upon receipt of this information, Mr. Kim should be entitled to examine Plaintiffs under oath regarding their contentions.

f)   Mr. Klein has not responded to written discovery regarding the scope and extent of his disclosures to Covalence regarding his investigation of Mr. Kim.  *See,* Exhibit B, pp. 58-59 (Interrogatory 17 to Mr. Klein and his corresponding objection and non-response); Exhibit C, pp. 17-19.  This discovery goes directly to what Mr. Klein told Mr. Manji (Covalence) and what Mr. Manji (Covalence) relied on before making loans to Mr. Kim.  Responses to this discovery is at the heart of issues of materiality and reasonable reliance under the fraud claim. Mr. Klein can easily relay what disclosures he made to Mr. Manji, the decisionmaker at Covalence, regarding Mr. Kim.  At deposition, Mr. Klein confirmed that Mr. Kim's successful track record and profitability (as opposed to other factors) was key consideration relayed to Mr. Manji. *See, e.g.,* pp. 6-770:24-71:5; 84:1 -14; 93:9-23; 100:14-21; 133:19-134:2; 148:16-22.  To the extent that further information is provided, Mr. Klein should be subject to further examination under oath regarding his contentions.

g)   Plaintiffs have failed to timely respond to discovery regarding the identity of individuals that Plaintiffs know to have provided loans to Mr. Kim.  *Compare,* Exhibit B, pp. 15-16 (Covalence response to Interrogatory 14) and Exhibit H, p. 180.  Plaintiffs' response to written discovery was vague but at deposition Mr. Klein was able to identify three individuals that likely have relevant information central to Plaintiffs' assertion of misrepresentations.  *Ibid*.

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

Perhaps more significantly, squirreled away in foot note 5 of Plaintiffs' moving papers (Dkt. 25, p.5:26) is an admission by Plaintiffs that Mr. Klein was placing loans on behalf of a third-party, who Plaintiffs refused to identify in written discovery. It is anticipated that these individuals will be able to testify whether or not they were creditors at the time alleged by Plaintiffs and if Mr. Kim was obligated to these creditors, whether that debt was material so as to prevent repayment as alleged by Plaintiffs.

8.      Mr. Kim has also noticed a 30(b)(6) witness on behalf of Covalence which is attached as **Exhibit S** to further address outstanding discovery with respect to Plaintiffs' claims.

9.      Finally, Plaintiffs have not been diligent about production of documents in this matter.  Attached as **Exhibit P**, is a true and correct Notice of Production, for Plaintiffs' fourth production of documents in response to Mr. Kim's initial document demand.  As stated in the Notice of Production, Plaintiffs produced approximately 500 pages of documents March 22, 2021, four days before the present motion, on April 15, 2021 Plaintiffs produced approximately 1,600 pages of documents, which was followed by a production of 270 documents a week before Mr. Klein's deposition.  And finally, on May 6, 2021, the day <u>after</u> Mr. Klein's deposition, another 12 pages of documents were produced.

**<u>Discovery to Third Parties</u>**

10.      On April 5, 2021, Mr. Kim issued a subpoena to Doe 1, seeking documents and a deposition on April 30, 2021.  Doe 1 is believed to be Victim No. 2 in the criminal complaint, an individual alleged to have entered into a transaction(s) with Mr. Kim.  On April 26, 2021, Doe 1 filed a motion to quash that deposition in the Northern District of California (Case No. 3:21-mc-90101).[1]  That matter has been assigned to the Honorable Donna Ryu, who has ordered the parties to submit letter briefing by May 7, 2021, which has been completed.  Judge Ryu has also set a

---

[1] Doe 1 has also filed a motion to proceed under a pseudonym.

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

hearing on the motion to quash for May 27, 2021.  In the meantime, counsel for Doe 1 has represented that Doe 1 will not provide any documents or appear for his deposition until such time as the Court rules on the Motion to Quash  A true and correct copy of the subpoena for Doe 1 is attached hereto as **Exhibit K**, with Doe 1's name redacted, out of an abundance of caution.

11.     On April 8, 2021, Mr. Kim issued a subpoena to Doe 2,[1] seeking documents and a deposition on April 26, 2021.  Doe 2 is believed to be Victim No. 1, and is another individual that is alleged to have entered into a transaction(s) with Mr. Kim.  Counsel for Doe 2 (the same counsel representing Doe 1) has represented that Doe 2 will not provide any documents or appear for deposition but is also waiting on the outcome Doe 1's motion to quash.    A true and correct copy of the subpoena for Doe 2 is attached hereto as **Exhibit L**, with Doe 2's name redacted, out of an abundance of caution.

12.     On April 5, Mr. Kim attempted to subpoena JB Baskt, seeking documents and a deposition on April 28, 2021.  Mr. Baskt is believed to be Victim No. 3 in the criminal complaint and another individual that entered into a transaction(s) with Mr. Kim.  To date, service has not been made on Mr. Baskt but an investigator has been retained to determine his whereabouts.    A true and correct copy of the subpoena for Mr. Baskt is attached hereto as **Exhibit M**.

13.     On April 8, 2021, Mr. Kim issued a subpoena for documents to CoinList for documents, The return on this subpoena is May 6, 2021.  CoinList is Doe 2's former employer and Mr. Kim's  subpoena seeks correspondence between Doe 2 and his former colleagues regarding Mr. Kim.  A true and correct copy of the subpoena for CoinList is attached hereto as **Exhibit N**.  CoinList has responded to Mr. Kim's subpoena and counsel for Mr. Kim reasonably anticipate that they will be required to meet and confer with CoinList regarding the "completeness" of their production.

---

[1] Doe 2 is taking substantially the same position as Doe 1 in response to the subpoena and a motion to proceed under a pseudonym is anticipated shortly.

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

14.   Mr. Kim will depose Ms. Natasha Vengurlekar, Hedge Fund Accountant for Triple Leo Consulting.  A true and correct notice of subpoena, to Ms. Vengurlekar, is attached hereto as **Exhibit T.** Correspondence between Plaintiffs and Ms. Vengurlekar confirm that she was Plaintiffs' accountant and was responsible for tracking payments and allocation of payments (to principal, interest, and late fees) by Mr. Kim.  See, e.g. **Exhibit O** (one of serval communications between Plaintiffs and Ms. Vengurlekar regarding payments by Mr. Kim).  Further, Mr. Klein could not confirm the manner in which many of the accounting details attached to Plaintiffs' motion were prepared.  Exhibit H, p.121:23-122:11.

15.   Plaintiffs have not responded to written discovery regarding individuals with knowledge of facts supporting their contentions (other than Mr. Klein, Mr.  Manji, and Mr. Janeway) citing a "Cumulative Witness Objection."  The failure to respond and the propriety of the objection is addressed in Mr. Kim's meet and confer letter dated April 16.  *See* Exhibit C, p.3. Based on Plaintiffs' objection and refusal to respond, Mr. Kim has reason to believe that Plaintiffs are withholding discoverable information regarding the identify of third parties to the prejudice of Mr. Kim.

16.   It is critical for Mr. Kim to obtain the outstanding discovery from the above third parties before responding to Plaintiffs' summary judgment motion.  For example, the outstanding discovery requests will result in highly relevant information related to the following issues, which are central to the pending summary judgment motion:

- Breach of Contract Claim.

a)   Mr. Kim should be permitted to take discovery from Ms. Vengurlekar.  Her deposition should be taken to assess the veracity of Plaintiffs' assertions regarding amounts owed and verify the amounts alleged to be in dispute.  This goes directly the heart of Plaintiffs' claims.

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

529644.1

- It is anticipated that if Plaintiffs identify additional witnesses, as discussed *supra* at ¶ 15, such witness will be able to described what both Mr. Klein and Covalence knew regarding Mr. Kim financial condition and if that was exploited to force Mr. Kim to accept  oppressive and opportunistic terms so as to constitute economic duress or business compulsion that would void the loans as unconscionable. <u>Fraud Claim</u>.

b)   Mr. Kim should be permitted to take discovery regarding Plaintiffs' allegation that he misrepresented the numbers of creditors.  Such third-party discovery would establish the number of creditors, when amounts were due to other creditors, whether there were bona fide disputes as to the amounts actually owed and whether those amounts were truly material or de minimis given Mr. Kim's obligations to Plaintiffs so as to make any omission unintentional. By Mr. Klein's own admission, Doe 1and Doe 2 are creditors of Mr. Kim.  Their testimony will establish the time frame of any liabilities by Mr. Kim, if any, to refute or confirm Plaintiffs' assertions as well as the materiality of the liability, again to refute or confirm, Plaintiffs' assertions of Fraud.

c)   Mr. Kim should be afforded an opportunity to take discovery to counter Plaintiffs' assertion that he intended to defraud them.  The third-party discovery will establish Mr. Kim's other transactions at the same or similar time and why or how those transactions ended, thus establishing business deals that went sideways as opposed to any nefarious intent on the part of Mr. Kim.  Such evidence goes directly to the element of intent that Mr. Kim must refute in the face of Plaintiff's fraud claim.

17.   On April 20, 2021, the day after Plaintiffs' motion was filed, Plaintiffs demanded that Mr. Kim withdraw all pending discovery, both Mr. Klein's deposition and the third-party subpoenas.  Plaintiffs threatened to seek a protective order to prevent the discovery from going

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**529644.1**

1
2
3
4
5
6

forward if the discovery was not withdrawn.  Counsel for Mr. Kim responded on April 22, 2021, respectfully requesting that Plaintiffs' motion be taken off calendar without prejudice to it later being refiled in light of substantial outstanding discovery.  However, it was only after the parties met and conferred on the afternoon of April 22, 2021, that Plaintiffs withdrew their threat to file a protective order.  A true and correct copy of the parties' e-mail correspondence, April 20, 2021 through April 22, 2021, it attached hereto as **Exhibit Q**.

7
8

Signed under penalty of perjury under the laws of the United States of America, at San Francisco, California, this 10th day of May, 2021.

9
10

By   s/*Jon-Erik Magnus*
    Jon-Erik Magnus WSBA No. 54691

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DECLARATION OF JON-ERIK MAGNUS IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT
(Case No. 2:20-cv-01628-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**529644.1**