The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSH KLEIN; COVALENCE CAPITAL LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DOUGLAS JAE WOO KIM,<br><br>　　　　　Defendant. | Case No.  2:20-cv-01628-BJR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR STAY |

## I.   INTRODUCTION

Plaintiffs Josh Klein and Covalence Capital, LLC, filed this lawsuit against defendant Douglas Jae Woo Kim, alleging Defendant fraudulently induced Plaintiffs to lend him money for cryptocurrency trading and then breached the parties' contract.  Before the Court is Defendant's motion to stay this case pending the conclusion of parallel criminal proceedings against him.  Having reviewed the motion, the record of the case, and the relevant legal authorities, the Court will deny Defendant's motion for a stay.  The reasoning for the Court's decision follows.

## II.   BACKGROUND

Beginning in 2018 and based on Defendant's representations about his experience in the

1

industry, Plaintiffs loaned large sums of money to Defendant so he could engage in cryptocurrency trading. Dkt. 53 at 2. When Defendant defaulted on several of those loans, he allegedly induced Plaintiffs to lend him more money for trading, claiming that he had assets sufficient to repay the loans if necessary. *Id.* In late 2019, Defendant informed Plaintiffs that another client had made a claim against his assets and that those assets were being held by Defendant's attorney. *Id.* Around the same time, Plaintiffs became aware that Defendant was the target of a criminal investigation. *Id.* at 3. In July 2020, the U.S. Attorney for the Northern District of California filed a criminal complaint charging Defendant with wire fraud in connection with a cryptocurrency-trading scheme ostensibly similar to the one described in Plaintiff's civil complaint, but Plaintiffs were not named as victims in the criminal complaint. *Id.*; Dkt. 50-9. An indictment was returned in April 2021. Dkt. 50-9.

  Plaintiffs initiated this action in November 2020 and filed an amended complaint in January 2021. *See* Dkts. 1, 15. The parties began discussing discovery in January 2021, and Plaintiffs provided interrogatory responses and documents to Defendant in March and May 2021. Dkt. 35 ¶ 26. Defendant also deposed three witnesses and served subpoenas on third parties. Dkt. 53 at 3-4; Dkt. 31 at 5-6. Defendant did not substantively respond to any of Plaintiffs' interrogatories or document requests, but instead broadly invoked his Fifth Amendment right against self-incrimination. Dkt. 53 at 4; Dkt. 49 at 5; Dkt. 28-6. Plaintiffs did not attempt to depose Defendant, because they assumed he would invoke the Fifth Amendment in that context as well. Dkt. 53 at 9.

  Although the deadline for dispositive motions was originally set for February 11, 2022, Plaintiffs filed a motion for summary judgment on April 19, 2021, supported in part by an adverse

inference against Defendant based on his refusal to substantively answer Plaintiffs' discovery requests. *See* Dkt. 25; Dkt. 38 at 2. Defendant responded by asserting that discovery was still ongoing and asking the Court to defer consideration of the motion until after the close of discovery on January 12, 2022. Dkt. 31; Dkt. 38 at 2. Defendant argued that Plaintiffs were not entitled to an adverse inference, but he did not request a stay. Dkt. 31 at 15-17. After reviewing evidence submitted by the parties regarding the progress of discovery, the Court found that "[i]t is clear . . . that Defendant now possesses much of the relevant evidence he seeks." Dkt. 38 at 2-3. Accordingly, the Court moved the discovery deadline to September 15, 2021 and the deadline for Defendant's response to Plaintiffs' summary judgment motion to October 8, 2021. *Id.* at 3. The Court instructed Defendant to use the time between that order and September 15 to obtain any remaining discovery he needed. *Id.* at 2-3.

On September 3, 2021, Defendant moved to stay all deadlines in this case until his criminal prosecution is concluded. *See* Dkt. 49. On October 8, 2021, the Court entered a minute order allowing Defendant to postpone filing a response to Plaintiffs' summary judgment motion until the Court ruled on his motion for a stay. Dkt. 59.

### III.    DISCUSSION

The Ninth Circuit has held that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings" and that parallel civil and criminal cases are "unobjectionable" unless there is "substantial prejudice to the rights of the parties involved." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989). Determining whether a stay would cause substantial

prejudice is a fact-specific inquiry within the discretion of the trial court, but *Keating* makes clear that a party's invocation of the Fifth Amendment, and the adverse inference that could result, is not in itself a basis for staying civil proceedings. *Keating*, 45 F.3d at 326. Although a party's Fifth Amendment rights are a "significant factor," the Court must also consider the five factors outlined in the Ninth Circuit's *Molinaro* decision: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324-25 (citing *Molinaro*, 889 F.2d at 902).

Here, both parties argue they will be prejudiced if the Court does not rule in their favor, and each side downplays the potential prejudice to the other. *See* Dkt. 49 at 7-10; Dkt. 53 at 9-13. Weighing the *Molinaro* factors, the Court finds that the potential prejudice to Defendant if this case proceeds is outweighed by other factors, and thus a stay is not warranted.

When considering the first factor, courts often emphasize that staying a case in its early stages and waiting for criminal proceedings to conclude may reduce the amount of discovery needed in the civil case, thereby promoting an expeditious resolution and conserving the plaintiff's resources. *See, e.g.*, *Lakey v. Washington*, Case No. 20-cv-5557, 2020 WL 8617405, at *3 (W.D. Wash. 2020); *L.C. v. Gilbert*, Case No. C09-5586, 2010 WL 1641533, at *2 (W.D. Wash. 2010).

This action, however, is not in its early stages. Defendant answered the amended complaint in January 2021 and engaged in discovery over the succeeding months. *See* Dkt. 17; Dkt. 35 ¶ 26;

Dkt. 31 at 4-5.  Plaintiffs filed their motion for summary judgment in April 2021, and Defendant declined to request a stay in his response, despite knowing that Plaintiffs were seeking an adverse inference.  *See* Dkt. 31.  Plaintiffs have responded to Defendant's discovery requests, and the Court found in June that Defendant had received almost everything he had requested.  Dkt. 35 ¶ 26; Dkt. 38 at 2-3.  Therefore, this case in unlike those in which courts found that a stay would promote efficiency by limiting the need for discovery.

Moreover, it is clear that staying this case would cause an extensive delay.  Neither party has described the status of the criminal proceeding, and there is no indication that trial is imminent.  Furthermore, even if a trial were to happen soon, it is possible Defendant would file an appeal and ask this Court to extend the stay pending the outcome of that case.  Notably, Plaintiffs filed this action over a year ago and have acted diligently in trying to move the case along—for instance, by amending their complaint quickly and responding to discovery requests.  Staying this case indefinitely, without any indication that Defendant will waive his Fifth Amendment rights in the near future, would prejudice Plaintiffs' ability to proceed expeditiously to a resolution of this case.  Therefore, the first *Molinaro* factor weighs against a stay.

As to the second factor, the Court finds that Defendant's claims of prejudice are overstated.  First, Defendant argues that there is significant overlap between this case and the criminal matter, which is indeed an important factor when considering a stay.  *Keating*, 45 F.3d at 325; *see, e.g.*, *Gilbert*, 2010 WL 1641533, at *2 (noting that "[s]ome courts have gone so far as to recognize the extent of the overlap as the 'most important factor'"); *Lakey*, 2020 WL 8617405, at *3.  In support of this assertion, Defendant cites an allegation in Plaintiffs' complaint stating that their claims involve the same "scheme or artifice to defraud that Defendant is alleged to have committed in the

5

criminal case." Dkt. 49 at 7 (quoting Dkt. 15 ¶ 51).  Even setting aside the fact that Defendant denied this allegation in his answer (Dkt. 17 ¶ 51), Defendant's reliance on one citation to a single phrase in the complaint is insufficient to establish that the scheme at issue in the criminal case is truly the same as that alleged by Plaintiffs.  Notably, Plaintiffs are not named in the criminal complaint, and although Defendant claims that "one of the Plaintiffs might be a witness" in the criminal trial (Dkt. 49 at 9), that speculation alone does not indicate substantial overlap between the two cases.

Defendant's remaining arguments as to prejudice largely consist of conclusory statements unsupported by the applicable law.  For example, Defendant contends that forcing him to choose between his Fifth Amendment rights and his ability to defend this action would amount to "severe," "near-fatal" prejudice. *Id.* at 7-8.  However, the Ninth Circuit expressly stated in *Keating* that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326.  Defendant's argument that allowing this case to proceed would "place[] a significant burden on [his] resources," which he says should be focused on the criminal matter (Dkt. 49 at 9), is also undermined by the holding in *Keating*.  Specifically, the Ninth Circuit found that the defendant "had eleven months to prepare for the [civil proceeding]," giving him "ample time to prepare his defense." *Id.* at 325.  Here, the discovery period ended 14 months after the criminal complaint put Defendant on notice of the charges against him and 10 months after Plaintiffs filed the civil complaint.  Additionally, Defendant has not indicated that his criminal trial is imminent, and he may have yet more time to prepare.  The Court finds that Defendant has had ample time to prepare a defense in both the civil and criminal proceedings and that declining to enter a stay will not prejudice his ability to defend

6

himself in either.  Therefore, the second *Molinaro* factor does not weigh heavily in favor of a stay.

The third factor, judicial economy, supports denying a stay.  For one, the Court has an interest in moving its cases along and ensuring that Plaintiffs can pursue their claims.  Staying this case indefinitely would run contrary to that interest.  Furthermore, as discussed above, the Court is not convinced that there is significant overlap between this case and the criminal proceeding, such that this Court's decision on Plaintiffs' motion for summary judgment would duplicate or contradict the outcome of that proceeding.  Therefore, the third *Molinaro* factor weighs against a stay.

The fourth and fifth *Molinaro* factors, prejudice to third parties and the public interest, do not apply to this case.  Considering the three factors that do apply, the Court finds that the likely prejudice to Plaintiffs if a stay is entered outweighs the potential prejudice to Defendant if the case proceeds.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for a stay (Dkt. 49).  Defendant must file a response to Plaintiffs' motion for summary judgment no later than 21 days from the date of this order.  Defendant must also file a response to Plaintiffs' motion to exclude the testimony of Joseph J. Adipietro no later than 21 days from the date of this order.

DATED this 17th day of November, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE