HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JOSH KLEIN, a California resident; and
COVALENCE CAPITAL FUND I, LP, a
Delaware limited partnership,

Plaintiffs,

v.

DOUGLAS JAE WOO KIM, a New York resident,

Defendant.

Case No. 2:20-cv-01628-BJR

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT ON BREACH OF CONTRACT CLAIM**

## I. INTRODUCTION

Plaintiffs Josh Klein ("Klein") and Covalence Capital Fund I, LP ("Covalence") (collectively "plaintiffs") respectfully request that the Court enter judgment on their breach of contract claim. The Court granted plaintiffs summary judgment on their breach of contract claim, and denied summary judgment on their fraud claim. The Court has now dismissed plaintiffs' fraud claim pursuant to the parties' stipulation, and plaintiffs now ask the Court to enter judgment on their breach of contract claim.

## II. STATEMENT OF FACTS

Plaintiffs brought claims against defendant Douglas Jae Woo Kim ("defendant") for breach of contract and for fraud. ECF No. 15. Count one claimed breach of contract for defendant's failure to repay under the parties' various loan agreements, *id*. ¶¶ 52–57, and count two claimed

MOTION FOR ENTRY OF FINAL JUDGMENT - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

common law fraud. *Id.* ¶¶ 58–67. Plaintiffs moved for summary judgment on April 19, 2021. ECF No. 25. In addition to arguing the absence of any genuine issue of material fact on liability, plaintiffs argued that no genuine issue of material fact existed "about how to quantify [defendant's] debt to [p]laintiffs." *Id.* at 25:1. This was because calculation of the amount required only "taking the principal, calculating accrued interest, and applying late fees since the maturity date . . . ." *Id.* at 25:5-6.[1] Plaintiffs also asked that judgment be denominated in bitcoin for the loans extended in bitcoin, and that judgment be entered in U.S. Dollars only for the amounts loaned in USDT. *Id.* at 26:4-22. Plaintiffs submitted the declaration of Josh Klein, which calculated amounts due under the outstanding loans to him (ECF No. 26, "Klein Decl."), and the declaration of Nabil Manji, which calculated amounts due under the outstanding loans to Covalence (ECF No. 27, "Manji Decl.").

The Court granted defendant's request for a continuance of plaintiffs' summary judgment motion. ECF No. 59. After that period lapsed, and after the Court denied a motion to stay this case, defendant responded to plaintiffs' summary judgment motion on December 8, 2021. ECF No. 66. With respect to the breach of contract claim, defendant argued that his usury defense created a genuine issue of material fact. *Id.* at 14:15 – 16:9. Defendant also argued that "summary judgment on plaintiff's breach of contract claim [was] improper because the alleged damages that [defendant] owes is a disputed, material fact." *Id.* at 16:10-11 (heading capitalization altered). Defendant pointed to the volatile price of bitcoin—even though plaintiffs did not ask the Court to convert bitcoin into dollars—and pointed to other purported assumptions in plaintiffs' calculation. *Id.* at 17:3 – 18:5.

The Court granted partial summary judgment on March 10, 2022. ECF No. 75. The Court noted that "[d]efendant does not dispute that he failed to repay the loans in question," but that his

---

[1] Plaintiffs pointed out four clarifications of this general rule based on the specific loan, none of which affected the principal amounts due and most of which erred in defendant's favor. *See id.* at 25 (noting that August 12, 2019 Klein loan included $750 USD per day for interest, late interest fees were not charged on the Covalence Revolver, price-protection terms in two loans were inapposite, and Klein had waived ongoing interest or late fee accrual on the May 7, 2019 Klein loan).

MOTION FOR ENTRY OF FINAL JUDGMENT - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

only asserted defense was usury. *Id.* at 6:12-16. The Court held that "no reasonable jury could find that the loans in question were for personal use" and the usury defense failed. Thus, "the elements of breach of contract are met," and plaintiffs were entitled to summary judgment for breach of contract. *Id.* at 7:2-18. The Court denied plaintiffs' motion for summary judgment on the fraud claim "without prejudice to renew once plaintiffs have pursued additional discovery" on the claim. *Id.* at 7:19 – 9:19. The parties stipulated to dismissal of the fraud claim and agreed to submit briefing on how the final judgment amount would be calculated under the loan agreements, which "may be determined by the Court as a matter of law." ECF No. 76. The Court dismissed the fraud claim without prejudice, struck the trial date, and ordered plaintiffs to file a brief regarding the judgment sought for breach of contract by July 15, 2022. ECF No. 78.

### III.   AUTHORITY AND ARGUMENT

**A.   Plaintiffs are entitled to judgment on their breach of contract claim.**

The Court found no genuine issue of material fact on plaintiffs' breach of contract claim, and entered partial summary judgment on this claim. With plaintiffs' fraud claim having been dismissed following the parties' stipulation, plaintiffs' claim for breach of contract is ripe for entry of judgment. *See* Fed. R. Civ. P. 58(b)(2)(B).

As set forth in plaintiffs' motion for summary judgment, defendant "breached nine loan agreements with Plaintiffs: three with Covalence (the 'Covalence Loans') and six with Klein (the 'Klein Loans,' and, with the Covalence Loans, the 'Loans')." ECF No. 25 at 10:16-22. Defendant's breach is undisputed: He "does not dispute that he failed to repay the loans in question." ECF No. 75 at 6. To recap, the unpaid loans are as follows:

**Covalence Loans**

| Origination date | Principal Amount | Location in Record |
|---|---|---|
| "Revolver"; February 21, 2019, and inclusive of January 28, 2019 loan | 400,000 USDT | Manji Decl., Ex. G (Revolver) <br> Manji Decl., Ex. F (Jan 2019 loan combined into Revolver) |
| April 6, 2019 | 100,000 USDT | Manji Decl., Ex. H |

MOTION FOR ENTRY OF FINAL JUDGMENT - 3

| June 25, 2019 | 20 BTC | Manji Decl., Ex. I |

**Klein Loans**

| Origination date | Principal Amount | Location in Record |
|---|---|---|
| April 25, 2019 | 20 BTC | Klein Decl., Ex. D |
| May 7, 2019 | 5 BTC | Klein Decl., Ex. E |
| May 19, 2019 | 15 BTC | Klein Decl., Ex. F |
| May 21, 2019 | 5 BTC and 15,000 USDT | Klein Decl., Ex. G |
| June 30, 2019 | 3 BTC | Klein Decl., Ex. H |
| August 12, 2019 | 5 BTC | Klein Decl., Ex. I |

In moving for summary judgment, plaintiffs also calculated the principal, interest, and late fees due on the Klein Loans and the Covalence Loans. *See* Klein Decl., Ex. M, Manji Decl., Exs. J, K. Calculating the interest due and late fees is a matter of simple arithmetic. Plaintiffs requested that for amounts owed in bitcoin, judgment be entered in bitcoin. ECF No. 25 at 26:3-21.[2] For amounts owed in USDT and U.S. dollars, including interest and late fees in which defendant contracted to pay dollars, plaintiffs requested that the judgment be entered in dollars. *Id.*

The amounts currently owing, broken down by principal, interest as of June 23, 2022, and late fees as of June 23, 2022, are documented in the spreadsheets attached to the declarations of Mr. Klein and Mr. Manji and incorporated into the proposed order directing entry of judgment filed with this motion. To summarize:

● As of June 23, 2022, Defendant owes Covalence principal, prejudgment interest, and late fees of $1,364,977.20 plus 122.81 bitcoin. *See* Declaration of Nabil Manji in Support of

---

[2] Some of the spreadsheets created by plaintiffs include a field converting bitcoin to dollars at an estimated rate of $20,000 to bitcoin, but this is for information purposes only and does not bear on the Court's analysis if the Court enters judgment in the denominations sought by plaintiffs. *See* Klein Declaration ISO Mot. for Entry of Judgment, Ex. A; Manji Decl. ISO Mot. for Entry of Judgment, Ex. B.

MOTION FOR ENTRY OF FINAL JUDGMENT - 4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Motion for Entry of Judgment, Exs. A-B and ¶ 6.[3] Daily interest accrues on these loans at $460.27 and 0.04 bitcoin, and a daily late fee of $500 and 0.05 bitcoin applies.

- As of June 23, 2022, Defendant owes Klein principal, prejudgment interest, and late fees of 314.9 bitcoin plus $3,763,188. Declaration of Josh Klein in Support of Motion for Entry of Judgment, Ex. A.[4] Daily interest accrues on these loans at 0.2425 bitcoin, and $937.50, and a daily late fee of $2,000 ($500 for each of four overdue loans) applies.[5]

Prejudgment interest in a diversity case is governed by state law. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 919, 961–62 (9th Cir. 2008) (rejecting argument that federal interest rate applied to claim brought under state law). Under Washington law, prejudgment interest is governed by either the rate agreed to in writing or, if no such rate is specified, twelve percent per annum. RCW 19.52.010(1). Here, each loan includes a specific interest rate. Klein Decl., Exs. D–I; Manji Decl., Exs. G–I. While RCW 19.52.020(1) states that "any rate of interest shall be legal so long as the rate of interest does not exceed the higher of . . . Twelve percent per annum," as the Court has already recognized, the loans' use for investment and commercial purposes removes the loans from any usury-based defense. *See* ECF No. 75 at 7:2-18; RCW 19.52.080 ("persons may not plead the defense of usury . . . if the transaction was

---

[3] Exhibits A and B to Nabil Manji's declaration in support of this motion further break this amount down, but to summarize, defendant owes Covalence (as of June 23) a principal amount of 20 BTC, prejudgment interest of 43.76 BTC, and late fees of 59.05 BTC (Manji Decl. ISO Mot. for Entry of Judgment, Ex. A), and a principal amount of $400,000, prejudgment interest of $553,849.32, and late fees of $422,000, less $15,616.44 previously paid (Manji Decl. ISO Mot. for Entry of Judgment, Ex. B). Added to this amount is $4,705 in late fees, which is all that is outstanding on the April 6, 2019 Covalence loan. *Id.* at ¶ 6.

[4] Exhibit A to Josh Klein's declaration in support of this motion further breaks this amount down as follows: defendant owes Klein (as of June 23) a principal amount of 33 BTC and $15,000, prejudgment interest of 333.4 BTC and $998,188, and late fees of $3,323,000 and 5 BTC, minus the forbearance on the May 7, 2019 loan of 56.5 BTC and $565,000 and minus $8,000 in payments. Klein Decl. ISO Mot. for Entry of Judgment, Ex. A.

[5] Plaintiffs' motion has calculated the per diem interest in order for the Clerk to calculate the judgment amount as of the date of its entry by adding in per diem interest and late fees between June 24, 2022, and the date of entry of judgment. If it would assist the Court, plaintiffs will provide native copies of their self-updating spreadsheets filed in PDF form with their declarations at the request of the Court. *See* Manji Decl. ISO Mot. for Entry of Judgment, ¶ 5; Klein Decl. ISO Mot. for Entry of Judgment, ¶ 4.

MOTION FOR ENTRY OF FINAL JUDGMENT - 5

primarily for agricultural, commercial, investment, or business purposes . . . ."); *In re Wright*, 256 B.R. 626, 636 (Bankr. D. Mont. 2000) ("The fact that the Notes at issue were used for commercial purposes removes the Notes from the ambit of RCW 19.52.020, and the 12 percent interest rate cap set forth therein, and places them squarely under RCW 19.52.080, and its unlimited interest rate.").

Plaintiffs' proposed order provides for post-judgment interest to be paid at the federal statutory rate in 28 U.S.C. § 1961, meaning that the interest defendant will pay on the judgment amounts will be substantially lesser than that at which he contracted. Finally, because late fees are not interest under the parties' loan agreements, they survive entry of judgment and are denominated in the judgment at a per-diem amount. *See, e.g.*, *Banc of Am. Leasing & Cap., LLC v. Walker Aircraft, LLC*, No. CIV.091277 JNE/AJB, 2009 WL 3283885, at *6 (D. Minn. Oct. 9, 2009) (directing entry of judgment with daily interest plus a monthly late fee).

**B.   Plaintiffs are entitled to attorneys' fees and should be ordered to seek them following entry of judgment on the breach of contract claim.**

Each loan agreement provides for "all reasonable attorney fees and costs of collection" incurred to collect on defendant's obligations in the event of his default. Manji Decl., Exs. F-I; Klein Decl., Exs. D-I. Defendant has never addressed, much less disputed, this. Plaintiffs should be awarded their attorneys' fees, and ordered to apply for them after judgment is entered using the procedures in Rule 54(d)(2) of the Federal Rules of Civil Procedure.

### IV.   CONCLUSION

For these reasons, plaintiffs respectfully request that the Court grant their motion and enter judgment.

Dated:  July 15, 2022

                              Respectfully submitted,

                              K&L GATES LLP

                              By *s/ Peter A. Talevich*
                                 Michael D. McKay, WSBA # 7040
                                 Peter A. Talevich, WSBA # 42644

MOTION FOR ENTRY OF FINAL JUDGMENT - 6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

925 Fourth Ave., Suite 2900
Seattle, WA  98104-1158
Phone:  (206) 623-7580
Fax:  (206) 623-7022
*mike.mckay@klgates.com*
*peter.talevich@klgates.com*
*Attorneys for Plaintiffs*

MOTION FOR ENTRY OF FINAL JUDGMENT - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that on July 15, 2022 I caused the foregoing document to be served via CM/ECF, which will send notice to all parties and counsel of record.

DATED July 15, 2022, at Bothell, Washington.

*s/ Suzanne M. Petersen*
Suzanne M. Petersen
Legal Assistant

MOTION FOR ENTRY OF FINAL JUDGMENT - 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022