The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSH KLEIN; COVALENCE CAPITAL LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DOUGLAS JAE WOO KIM,<br><br>　　　　　　　Defendant. | Case No.  2:20-cv-01628-BJR<br><br>ORDER ON ATTORNEYS' FEES |

## I.　　INTRODUCTION

Plaintiffs Josh Klein and Covalence Capital, LLC, filed this lawsuit against defendant Douglas Jae Woo Kim, alleging Defendant fraudulently induced Plaintiffs to lend him money for cryptocurrency trading and then breached the parties' contract. In March 2022, the Court granted Plaintiffs' motion for summary judgment as to their breach of contract claim but denied the motion as to their fraud claim. Dkt. 75. In July 2022, Plaintiffs voluntarily dismissed their fraud claim, and the Court ordered briefing on the parties' remaining dispute regarding damages for breach of contract. Dkt. 78. In an October 19, 2022 order, the Court held that Plaintiffs could recover the principal and interenst on defaulted loans, but not late fees. Dkt. 85. The Court also noted that it was undisputed Plaintiffs could recover attorneys' fees based on provisions in the breached agreements. *Id.* at 10. As Plaintiffs damages' calculations did not separate late fees from other

damages, the Court ordered Plaintiffs to file an amended declaration limited to principal and interest. *Id.* at 11. The Court also instructed Plaintiffs to file a separate declaration with a breakdown of reasonable attorneys' fees and costs. *Id.* The Court allowed Defendant to file objections to either declaration. *Id.*

Defendant objected only to Plaintiffs' calculation of attorneys' fees. Dkt. 89. Defendant contends that Plaintiffs are entitled only to fees related to their successful breach of contract claim and not their voluntarily dismissed fraud claim. Defendant further argues that Plaintiffs should not be awarded any fees, even on the contract claim, because they failed to segregate the hours billed to each claim. Even if the Court were to award some fees on one or both claims, Defendant argues the award should be reduced because of excessive "block-billing" and fees improperly related to non-legal tasks performed by attorneys.

Plaintiffs contends that the contractual provisions governing attorneys' fees encompass fees incurred litigating related claims and that their fraud claim is sufficiently related. Dkt. 91 at 2-6, 7-9. Plaintiffs dispute that they block-billed or charged for non-legal work. *Id.* at 9-10.

## II.     DISCUSSION

As an initial matter, the Court finds that Plaintiffs' attorneys fees must be limited to their contract claim. Generally, a contractual fee-shifting provision entitles a party only to fees related to claims brought under the contract. *Boguch v. Landover Corp.*, 153 Wn. App. 595, 600, 615 (2009). Furthermore, a party cannot recover fees related to claims that were not successful, and voluntarily dismissed claims do not qualify as successful. *Nordstrom, Inc. v. Tampourlos*, 107 Wn. 2d 735, 743-44 (1987); *MBK Constructors v. Am. Zurich Ins. Co.*, 83 F. Supp. 3d 1078, 1089 (W.D. Wash. 2015); *Miller v. Kenny*, 180 Wn. App. 772 (2014)). Despite Plaintiffs' argument to the contrary, the fee-shifting provision in the parties' agreements does not encompass fees related to non-contract claims. The provision states that, "[i]f Borrower shall be in default and placed for

collections, borrower shall pay all reasonable attorney fees and costs of collections." *See* Dkt. 91 at 7 (citation omitted). Nothing in this phrase implies Plaintiffs are entitled to fees outside of the contract, and thus there is no reason not to apply the general rule that fees are limited to Plaintiffs' contract claim.

The Court also finds that a significant portion of Plaintiffs' fees are related exclusively to their fraud claim. In its opposition to summary judgment, Defendant did not dispute that he had breached the parties' loan agreements. Although Plaintiffs' contract claim was not entirely uncontested, as Defendant raised affirmative defenses, Plaintiffs devoted less briefing to it, and the Court granted summary judgment for Plaintiffs without a difficult analysis. Furthermore, while the contract claim was settled by the parties in March 2022, the fraud claim was not resolved until July. It is not clear from the record what portion of Plaintiffs' discovery efforts was directed at the fraud claim. This is in large part because Plaintiffs failed to segregate the attorney time dedicated to each claim. Although the Court rejects Defendant's suggestion that Plaintiffs' failure to segregate fees justifies awarding them no attorneys' fees at all,[1] the Court finds that Plaintiffs are not entitled to a generous assumption with respect to ambiguities that their lack of diligence created. This also includes how much time was spent drafting the fraud portions of pleadings and what percentage of the parties' negotiations and communications centered on that claim alone.

In view of these uncertainties, the Court will award Plaintiffs 45% of their requested fees for the estimated time spent litigating their successful contract claim. The Court declines to reduce

---

[1] In the cases cited by Defendant to support their position, the parties seeking fees had been expressly ordered to segregate fees but failed to do so. *See Melland v. Cornerstone Dental, PC*, No. C13-5413, RJB, 2015 WL 11233146, at *2 (W.D. Wash., Feb. 2, 2015), *aff'd*, 691 F. App'x 354 (9th Cir. 2017); *Loffelholz*, 119 Wn. App. at 692; *Schmidt v. Cornerstone Invest., Inc.*, 115 Wn. 2d 148, 171 (1990). That is not the case here. Plaintiffs should have segregated their fees, but their lack of diligence is not so egregious as to justify voiding an otherwise valid provision of the parties' contracts.

the award further for block-billing or inappropriate non-legal work as the Court finds Defendant's criticisms on these points to be overstated.

### III. CONCLUSION

In accordance with Plaintiffs' undisputed calculation of their contractual damages, Defendant is hereby ordered to pay, no later than February 22, 2023, the amounts of principal and interest outlined and denominated in various currencies in the November 7, 2022 declaration of Josh Klein (Dkt. 87). By February 22, 2023, Defendant is ordered to pay $217,287.31 in attorneys' fees, representing 45% of Plaintiffs' original estimate, as well $3,201.30 in costs. The clerk of court is directed to calculate post-judgment interest.

DATED this 15th day of February, 2023.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE